## HAMMERSCHLAG *v.* GARRETT and others.[*]

*(Circuit Court, E. D. Pennsylvania.* January 23, 1882.)

**1. PROCESS—INFRINGEMENT.**

 In a patent for a process, every successive step enumerated in the claim must be regarded as an essential part, and must be employed by defendants, in order to render them liable to the charge of infringement.

**2. MANUFACTURE OF WAXED PAPER.**

 The process of making waxed paper by machinery, patented in reissue No. 8,460, *held* not to cover all methods of making waxed paper by machinery, and not to be infringed by the manufacture of waxed paper according to a method which dispenses with some of the material steps in the process covered by such reissue.

Motion for an Attachment.

Upon a bill filed by complainant a final decree had been entered restraining respondents from infringing complainant's reissued letters patent No. 8,460, for improvement in waxing paper. Reported in 9 FED. REP. 43. Subsequently respondents constructed another machine for making waxed paper, whereupon complainants applied for an attachment, alleging that this latter machine was within the prohibition of the decree. The facts are sufficiently set forth in the opinion.

*Frost & Coe* and *John K. Valentine,* for complainants.

*Collier & Bell,* for respondents.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

BUTLER, D. J.  Subsequently to the injunction in this case, the defendants constructed a machine corresponding to a section of the old Anderson machine, (the patent for which has expired,) and continued the manufacture of waxed paper by this means.  The plaintiff, charging that the *process* thus employed infringes his, as described in the fifth claim of his patent, asks for an attachment to prevent its further use, and to punish the alleged disregard of his injunction.  It is not charged that the machine is similar to the plaintiff's, and infringes the claims of his patent in this respect, but simply that his *process* is employed, in violation of the claim for this.

In passing upon the validity of the plaintiff's patent, and the construction of its several claims, we adopted the judgment of the circuit court for the southern district of New York, in *Hammerschlag* v. *Scamoni*, (involving the same patent,) [reported 7 FED. REP. 584,] for the sake of consistency and uniformity, without critical examination of the reasons on which the judgment was based.  Whether the fifth claim, under consideration, is for a process, or simply for the combination of machinery previously described and claimed in separate parts, is a debatable question, which we did not, for the reasons stated, esteem it proper to enter upon.  In the case cited it was decided to be for a process  *  *  *  consisting of successive steps, *  *  *  four in number," as follows: *First*, "moving the paper over and in contact with a heated cylinder, which acts to spread the wax on the surface of the paper; *second*, heating the unwaxed surface to spread and fuse the wax into the fabric of the paper; *third*, removing the surplus wax; and, *fourth*, remelting and polishing the wax upon the surface,"—these several steps being performed "substantially as set forth" in the specifications.  The plaintiff's present position, that this process covers all methods of making waxed paper by machinery, "and, therefore, whether or not the defendants carry on the making of waxed paper by machinery, by the complainant's particular method, or by a new mode devised by themselves, and which dispenses with some of the steps used by the plaintiff in his particular mode, makes no difference whatever as regards infringement," cannot be adopted.  It is clearly unsound.  His invention, as described by himself and in his own language, is "for an improvement relating to a *means* for heating the wax and *applying it to the paper, removing the surplus wax*, and *polishing the surface*,"—which "improved means" are particularly described in the specifications and embraced in the claims,—the fifth of which reads as follows:

"The method herein set forth of making waxed paper, consisting of spreading the wax upon the surface; heating the paper from the opposite side to spread the wax into the fabric of the paper; removing the surplus wax, and remelting and polishing the wax upon the paper,—substantially as set forth."

Construing this claim to be one for a process, as has been done, every successive step enumerated, must be regarded as an essential part, and must be employed by the defendants to render them liable to the charge of infringement. The first ("spreading the wax upon the surface of the paper substantially as set forth") certainly is not employed by the defendants. The paper is not "moved over and in connection with the heated cylinder which acts to spread the wax" upon it; nor is the wax spread upon it by any similar or equivalent means. It is not, indeed, in the sense here contemplated, spread upon it at all. The paper is simply dipped into the wax and as much of this substance taken up as will adhere,—not upon one side simply, but upon both. This omission of the first step in the plaintiff's process, plainly distinguishes the defendants' from it. That such omission would have such effect seemed to be fully conceded on the argument for injunction, by the plaintiff's expert and his counsel. In speaking of the Anderson patent, then set up in anticipation, this witness said:

"The mode of operation there is different, being that of submerging the fabric or a portion thereof in the liquid, on its way through the machine. The Anderson machine does not contain the same subject-matter of the first claim, because it has no heated cylinder revolving within the trough containing wax, and acting to heat the same and apply it to the paper. For the same reason it does not contain the method specified in the second claim, the first step of which consists in transferring the melted wax from the trough to the paper by a roller or cylinder. For the same reason it does not contain the combination specified in the third claim, and for the additional reason, that it contains no means, after the wax has been applied to one surface of the paper, for heating it at the other surface to draw the wax in. *Finally, it does not contain, for the same reason, the method claimed in the fifth claim.*"

That this witness may now express a different opinion is not important. The plaintiff's counsel, in distinguishing the Anderson machine from the plaintiff's, adopted and enforced the same view. That it was also adopted by the distinguished judge whose leading we followed in granting the injunction, is rendered clear by what he said in disposing of the motion for attachment against Scamoni, on September 27, 1881. We quote his language:

"In regard to the Van Skelline machine, there is not in it any such heated cylinder as the cylinder $a$ of claim 1 of No. 8,460, or as the cylinder C of the defendant. It does not anticipate claim 2 of No. 8,460, because not only is there not in it a roller which transfers the melted wax from the trough to the paper, but there is no scraper between the roller and the paper. It does not meet claim 3 of No. 8,460, because it has no heated cylinder like the heated cylinder $a$; nor does it meet claim 5 of No. 8,460. The operation of spreading the wax upon the surface of the paper, substantially as set forth in the description of No. 8,460, involves spreading it by means of a uniform layer of wax on the spreading-cylinder, produced by a scraper applied to such cylinder between the trough and the place of contact with the paper, which removes from the cylinder the surplus wax taken up by it from the trough. In Van Skelline's machine the paper is dipped into the bath of wax and takes up all the wax it will, and then the scraper is applied to the paper. The defendant's process imitates the plaintiff's, and not Van Skelline's."

As respects the question before us, the operation of the defendants' machine, and his process, are precisely similar to Van Skelline's. This view is also fully sustained by the testimony of the several experts called by the defendants,—some of whom are men of very great experience and unusual intelligence, respecting the matters of which they speak.

It is unnecessary to inquire whether the defendants employ or imitate other steps of the plaintiff's process. What we have said is sufficient to indicate our reasons for holding that they do not employ the process protected by his patent.

The motion must therefore be refused.

McKENNAN, C. J., concurred.